IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE RODRIGUEZ,

      Plaintiff,               No. CIV S-11-1391 DAD P

  vs.

DERICK, et al.,

      Defendants.       <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has neither paid the filing fee nor filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

        The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

        In this case, none of the defendants reside in this district. The claim arose in Los Angeles County, which is located within in the Central District of California. Therefore,

1

1 | plaintiff's claim should have been filed in the United States District Court for the Central District
2 | of California.  In the interest of justice, a federal court may transfer a complaint filed in the
3 | wrong district to the correct district.  <u>See</u> 28 U.S.C. § 1406(a); <u>Starnes v. McGuire</u>, 512 F.2d 918,
4 | 932 (D.C. Cir. 1974).
5 |       Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the
6 | United States District Court for the Central District of California.
7 | DATED: June 14, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12mp
rodr1391.21

2